IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 14, 2002

## STATE OF TENNESSEE v. J. C. BRUCE

**Appeal from the Circuit Court for Humphreys County**
**No. 9779    Robert E. Burch, Judge**

---

**No. M2001-02679-CCA-R3-CD - September 26, 2002**

---

The Appellant, J.C. Bruce, was convicted after a trial by jury of robbery and, as a multiple offender, received a sentence of ten years in the Department of Correction. On appeal, Bruce raises the following issues for our review: (1) whether the evidence was sufficient to support the verdict and (2) whether his sentence was proper. After a review of the record, the judgment of the Humphreys County Circuit Court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOE G. RILEY and NORMA MCGEE OGLE, JJ., joined.

Didi Christie, Brownsville, Tennessee, on appeal, for the Appellant, J. C. Bruce.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Peter M. Coughlan, Assistant Attorney General; and Dan Alsobrooks, District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Factual Background

On January 16, 2000, Deputy Richard Galamore of the Benton County Sheriff's Department received a phone call that the victim of a domestic disturbance, Sherry Pruitt, needed to be relocated to "a safe place."[1] Deputy Galamore and Deputy Chris Rogers went to the residence, helped the victim gather her personal belongings, and escorted her to the sheriff's department. The sheriff told Deputies Galamore and Rogers to transport the victim to Waverly, Tennessee, in Humphreys County,

---

[1] Pruitt, an admitted drug addict, advised sheriff's deputies that she was having domestic problems with the Appellant, who supplied her with approximately 80 percent of the drugs she used. She described the Appellant as physically and psychologically abusive.

and "put her up in a motel room for the night." The deputies rented a room at the Imperial Motel in Waverly and purchased food for the victim. They then left and returned to Benton County. The victim, suffering from drug withdrawals, phoned her sister and asked her to bring some drugs to the motel. Thereafter, the Appellant arrived at the sister's home and threatened the sister that "it would be [her]" if she did not reveal the victim's location. The sister disclosed the information.

Late that night or early in the morning of January 17th, Pruitt heard a knock at the motel room door. She asked who it was, and the person responded, "police." She then unlocked the door. The Appellant "rushed in" the room and held her down by putting his knee in her side. He held Pruitt's wrists over her head and proceeded to remove her rings and necklace. He also hit her in the face, took her eyeglasses, and told her that she "would be sorry for ruining his life." After the Appellant left, the victim's sister arrived, and the police were contacted. The victim went to the Waverly Police Department to file a report and, as soon as the report was finished, she went to the emergency room. As a result of the robbery, the victim sustained "a black eye, a contusion to her right cheek bone. She had abrasions to her left hand and – the right side. . . . And the right side of her neck was very sore, the muscles inside the neck." Later on the 17th, the Appellant was arrested after he returned to the victim's motel room. Contact between the Appellant and the victim continued after his arrest and subsequent release on bond.

On April 3, 2000, the Appellant was indicted for aggravated burglary, robbery, theft, assault, and filing a false report. After a trial by jury, the Appellant was found guilty of robbery. The jury could not reach a decision on the burglary charge and the theft, assault, and filing a false report charges were nolled upon motion of the State. On April 29, 2001, the Appellant, a multiple offender, received a ten-year sentence for the robbery conviction. His motion for new trial was denied, and this timely appeal followed.

## ANALYSIS

### I. Sufficiency of the Evidence

The Appellant contends that the evidence was insufficient to support his conviction for robbery, a class C felony. Specifically, he argues that the victim's "credibility is so suspect, that viewing the evidence in the light most favorable to the state, no rational trier of fact could have found the Appellant guilty of robbery beyond a reasonable doubt." The Appellant asserts that the victim's credibility is suspect based upon the following rationale:

> The Appellant was convicted of robbery based on the testimony of Sherry Pruitt, who admittedly was a heavy drug user at the time of the alleged offense. Further, there was unrebutted testimony by a former police officer that, within two weeks of the alleged offense, Ms. Pruitt was back in the Appellant's home, so disoriented that she did not recognize the officer, with whom she had attended school for several years. There is evidence that, when Ms. Pruitt was supposed to have been "hiding" from the Appellant, she had telephone contact with him.

A  jury conviction removes the presumption of innocence with which a defendant is cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978).  Likewise, it is not the duty of this court to revisit questions of witness credibility on appeal, that function being within the province of the trier of fact. *State v. Holder*, 15 S.W.3d 905, 911 (Tenn. 1999); *State v. Burlison*, 868 S.W.2d 713, 719 (Tenn. Crim. App. 1993).  Instead, the Appellant must establish that the evidence presented at trial was so deficient that no reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994).  Moreover, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992).  In *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990), this court held these rules applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence.

To convict a defendant of robbery, the State must prove that the defendant, by violence or putting the person in fear, intentionally or knowingly obtained or exercised control over the property of another without the effective owner's consent and with the intent to deprive the owner of the property.  *See* Tenn. Code Ann. § 39-13-401(a), -14-103 (1997).  In this case, the Appellant's sufficiency argument is based upon the credibility of the victim, whose testimony was the only evidence presented by the State which established the necessary elements of the offense.  The determination of the weight and credibility of the testimony of witnesses and reconciliation of conflicts in that testimony are matters entrusted exclusively to the trier of fact, and not this court. *State v. Sheffield*, 676 S.W.2d 542, 547 (Tenn. 1984).  The credibility of eyewitness testimony identifying the accused as the perpetrator of the criminal offense for which he stands trial is a question of fact for the determination of the jury upon consideration of all competent proof. *State v. Strickland*, 885 S.W.2d 85, 87 (Tenn. Crim. App. 1993).  The credible testimony of one identification witness is sufficient to support a conviction if the witness viewed the accused under such circumstances as would permit a positive identification to be made. *Id.* at 87-88.  The jury chose to accredit the testimony of the State's witness and reject the claims of the Appellant.  The Appellant has had his day in court.  This court may not reevaluate the evidence or substitute its inferences for those drawn by the trier of fact from the evidence. *Cabbage*, 571 S.W.2d at 835.

The positive identification testimony of the victim sufficiently supports the Appellant's conviction; her testimony is not so improbable or unsatisfactory as to create a reasonable doubt of the Appellant's guilt.  Accordingly, we find the evidence was sufficient to support the finding that the Appellant was guilty of robbery.

## II. Sentencing

The Appellant argues that the ten-year sentence as imposed by the trial court was excessive. He contends that the trial court misapplied enhancement factors and failed to apply or properly weigh mitigating factors. When an accused challenges the length, range, or the manner of service of a sentence, this court has a duty to conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1997); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *Ashby*, 823 S.W.2d at 169. When conducting a *de novo* review of a sentence, this court must consider: (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the pre-sentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the Appellant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-102, -103, -210 (1997); *Ashby*, 823 S.W.2d at 168. Furthermore, we emphasize that facts relevant to sentencing must be established by a preponderance of the evidence and not beyond a reasonable doubt. *State v. Winfield*, 23 S.W.3d 279, 283 (Tenn. 2000) (citing *State v. Poole*, 945 S.W.2d 93, 96 (Tenn. 1997)).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and made findings of fact that are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). However, where the trial court fails to comply with the statutory provisions of sentencing, appellate review is *de novo* without a presumption of correctness. In the case before us, the record does not demonstrate that the trial court properly considered relevant sentencing principles. Accordingly, we do not apply the presumption.

In determining the Appellant's sentence, the trial court considered two enhancement factors: (1) The Appellant had a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range, and (8) The Appellant had a previous history of unwillingness to comply with the conditions of a sentence involving release in the community. Tenn. Code Ann. § 40-35-114(1), (8) (Supp. 2001). The Appellant seemingly concedes that the trial court properly applied enhancement factor (1) because he does not argue in his brief that this factor was misapplied. The Appellant's criminal history, in addition to that necessary to establish the appropriate range, reflects two convictions for being a felon in possession of a firearm and one conviction for misdemeanor escape. Such behavior adequately supports enhancement factor (1). The trial court also applied enhancement factor (8), finding that the Appellant had a previous history of unwillingness to comply with the conditions of a sentence involving release in the community. The trial court found that this factor applied based upon one of the Appellant's prior convictions for felon in possession of a firearm. The State concedes error in the application of this enhancer. We agree. The record does not establish that the Appellant was on any form of release at the time he committed the offense of possessing a firearm. Therefore, the trial court's application of enhancement factor (8) was improper.

The Appellant also argues that the trial court erred by not considering mitigating factors: (1) The Appellant's criminal conduct neither caused nor threatened serious bodily injury, and (5) Before detection, the Appellant compensated or made a good faith attempt to compensate the victim of criminal conduct for the damage or injury the victim sustained. Tenn. Code Ann. § 40-35-113(1), (5) (1997). We disagree. Although the Appellant's conduct did not cause serious bodily harm, the nature of the acts did threaten serious bodily harm. Additionally, after a review of the record, we find that the Appellant's return of the jewelry and eyeglasses was not an attempt to compensate the victim but was rather a product of the abusive and controlling relationship by the Appellant towards the victim. Furthermore, the Appellant did not return the items before he was detected. We conclude that the trial court did not err by declining to apply mitigating factors (1) and (5) to the Appellant's sentence.

Although the trial court erroneously applied enhancement factor (8), enhancement factor (1) is sufficient to justify the imposition of a ten-year sentence. No mitigating factors were found by the court and a review of the record does not reveal any that should have been applied. When there are enhancement factors and no mitigating factors, there is no presumptive sentence and the court may sentence above the minimum in the range. Tenn. Code. Ann. § 40-35-210(d) (Supp. 2001). Of particular weight in this case is the Appellant's prior convictions. Under these circumstances, the trial court was justified in imposing a sentence of ten years for robbery.

### CONCLUSION

Based upon the foregoing, we find that the evidence presented at trial was sufficient to support the Appellant's conviction for robbery beyond a reasonable doubt. Furthermore, the ten-year sentence imposed by the trial court was not excessive as to length. Accordingly, the judgment of the Humphreys County Circuit Court is affirmed.

_____
DAVID G. HAYES, JUDGE